UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN KONETSCO, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 19-cv-5095 |
| : | |
| LANCASTER COUNTY – BUREAU : | |
| OF COLLECTIONS, : | |
|     Defendant. : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                     **November 25, 2019**
**United States District Judge**

      This matter comes before the Court by way of a Complaint submitted by Shaun Konetsco, proceeding *pro se*, which is signed by "Michael A. of the Konetsco Family." (ECF No. 1.) Also before the Court is Shaun Konetsco's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2.) Because it appears that Shaun Konetsco is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed, and Shaun Konetsco will be permitted to file an Amended Complaint within thirty days.

**I.**     **FACTS**[1]

      Although the precise nature of Shaun Konetsco's claims are unclear, the factual allegations of the Complaint suggest that he seeks to challenge the validity of certain debt obligations he incurred as a result of costs, fees, and fines imposed against him in two separate

---

[1] The facts set forth in this Memorandum are taken from the Complaint and the attachments thereto. (*See* ECF No. 1).

criminal matters in Lancaster County.  (*See* Comp. ECF No. 1 at 2, ¶¶ 17, 20); (*see also* ECF No. 1 at 4 (Aug. 10, 2019 debt collection letter from Apex Asset Management, LLC to Shaun Konetsco regarding balances due to the Court of Common Pleas for Lancaster County on two criminal matters).  Additionally, it appears Shaun Konetsco seeks to challenge the suspension of his driver's license which apparently occurred when he failed to timely pay these outstanding debts to the Court of Common Pleas.  (*See* Comp. ECF No. 1 at 2-3, ¶¶ 20-22.)

## II.     STANDARD OF REVIEW

The Court will grant Shaun Konetsco leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to screen the Complaint to determine, among other things, whether it is frivolous or fails to state a claim.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Shaun Konetsco is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).*  Although the allegations are to be construed liberally, a *pro se* litigant is not excused from complying with the Federal Rules of Civil Procedure.  *Lynn v. Sec'y, Dep't of Def.*, 431 F. App'x 147, 150 (3d Cir. 2011).

## III. DISCUSSION

It is difficult for the Court to fulfill its statutory obligation to screen Shaun Konetsco's Complaint pursuant to § 1915(e)(2)(B) because Shaun Konetsco has not complied with Federal Rules of Civil Procedure 8 and 11. As the Third Circuit recently explained, at its core, Rule 8 fundamentally "requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, at 83 (2007)). "Rule 8 imposes 'minimal burdens on the plaintiff at the pleading stage.'" *Garrett*, 938 F.3d at 92 (citing *Frazier v. Se. Pa. Transp. Auth.*, 785 F.2d 65, 67 (3d Cir. 1986)). For example, "[u]nder Rule 8(a)(2), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(a)(2)). Rule 8(d)(1) further requires "that '[e]ach allegation must be simple, concise, and direct.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(d)(1)). Moreover, Rule 11 makes clear that "[e]very pleading, written motion, and other paper must be signed . . . by a party *personally* if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added).

Contrary to the minimal requirements of Rule 8, the Complaint does not set forth a short and plain statement of Shaun Konetsco's claims. The first page of the Complaint is a "Form COL" – which appears to be available on the internet – bearing the title "Violation Warning Denial of Rights Under Color of Law." This "Form COL", however, does not clearly set forth the names of the intended parties, nor does it appear to set forth the basis for any specific legal claims tied to the facts alleged in the subsequent pages of the Complaint. Importantly, in violation of both Rule 8 and Rule 11, the numbered paragraphs of the Complaint are not made from the perspective of Shaun Konestco, and Shaun Konetsco did not personally sign the

3

Complaint.[2] Rather, while naming Shaun Konetsco as the Plaintiff in this matter, the Complaint was actually signed by "Michael A. of the Konetsco Family." (*See* Comp. ECF No. 1 at 1.) It appears that Michael A. Konetsco is a non-attorney, third party who considers himself to be Shaun Konetsco's "Legal Advisor." (*See* Civil Cover Sheet ECF No. 1-1 at 1, § 1(c) (failing to list Shaun Konetsco as a Plaintiff, but instead, under the "Attorneys" portion of the form, listing "Michael Andrew Legal Advisor"); (*see, e.g.*, Comp. ECF No. 1 at 3, ¶ 23) ("As Shaun's Legal advisor I have had many correspondences with Terry Miller Landon . . . ."); (*see id.* at ¶ 25) ("Terry Miller Landon stopped talking to me on the matter saying that I was not an Attorney . . . ."). The factual allegations of the Complaint are not simple, concise, or direct, in violation of Rule 8, in that they seem to articulate the knowledge of Michael A. Konetsco, rather than that of the actual Plaintiff, Shaun Konetsco.

Taking all of these circumstances into account, it therefore appears to the Court that Michael A. Konetsco, a non-attorney, third party, is attempting to bring this case on behalf of Shaun Konetsco. However, a non-attorney may not bring claims on behalf of another individual in federal court. *See Osie-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 878 (3d Cir. 1991) (in general, a person who is not an attorney may not bring claims on behalf of another in federal court); *cf. Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him *pro se* in federal court.") The manner in which the Complaint is drafted and Michael A. Konetsco's attempt to bring claims on behalf of Shaun Konetsco leave the Court unable to sufficiently screen the Complaint

---

[2] Shaun Konetsco did personally sign the Motion for Leave to Proceed *In Forma Pauperis* on his own behalf. (S*ee* ECF No. 2 at 2.)

pursuant to § 1915(e)(2)(B). The Court expresses no opinion regarding the plausibility of Shaun Konetsco's claims at this time, except to note that these claims appear to be personal to Shaun Konetsco alone. Only Shaun Konetsco, or a licensed attorney, may bring claims on his behalf in federal court. *See* 28 U.S.C. § 1654 (providing in pertinent part, "[i]n all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel*") (emphasis added). Accordingly, the Court will require Shaun Konetsco to file an Amended Complaint in this matter which is signed by him personally, and which sets forth factual allegations related from his own personal knowledge and perspective, not that of a non-attorney, third party.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Shaun Konetsco leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Shaun Konetsco's right to file an amended complaint within thirty (30) days in the event he can cure the defects noted above. If Shaun Konetsco fails to file an amended complaint, his case may be dismissed without further notice for failure to prosecute. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[3] On October 31, 2019, the Clerk of Court sent a copy of the Court's "Notice of Guidelines for Representing Yourself (Appearing 'Pro Se') in Federal Court" to Shaun Konetsco at the address he provided on the Complaint and as it appears on the docket: "967 W. Trindle Rd. Lot 16, Mechanicsburg, PA 17055." On November 14, 2019, that Notice was returned to the Court by the United States Postal Service marked "Return to Sender - Not Deliverable As Addressed - Unable to Forward." Despite the returned mail received by the Clerk, this is the only address the Court has on file for Shaun Konetsco and all future mailings will be sent to that address unless and until Shaun Konetsco updates his address with the Court in accordance with the Local Rules. Specifically, the Court's Local Civil Rule require a litigant to file a notice of change of address within fourteen (14) days of an address change. *See* L. Civ. R. 5.1(b).